IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RICHARD C. BURGER                                                              PLAINTIFF

vs.                          Civil No. 3:11-cv-03069

MICHAEL J. ASTRUE                                               DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Richard Burger ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI") and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for DIB and SSI on November 13, 2008. (Tr. 10, 116-125). Plaintiff alleged he was disabled due to back problems and mental problems. (Tr. 153, 166). Plaintiff alleged an onset date of April 1, 2007. (Tr. 195). These applications were denied initially and again upon reconsideration. (Tr. 70-79, 82-85). Thereafter, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

administrative hearing on his applications and this hearing request was granted. (Tr. 86-87).

Plaintiff's administrative hearing was held on March 24, 2010, in Fort Smith, Arkansas. (Tr. 25-69). Plaintiff was present and was represented by counsel, Frederick Spencer, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") John Massey, testified at this hearing. *Id.* At the time of this hearing, Plaintiff was thirty-three (33) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 29).

On August 27, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 10-19). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 1, 2007. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the severe impairments of personality disorder, degenerative disc disease of the lumbar spine, and substance abuse. (Tr. 12, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for light work except could only occasionally crouch, stoop, and climb ladders, ropes and scaffolds; could frequently balance, kneel, crawl, and climb ramps and stairs; was able to perform work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote with few variables and requiring little judgment; and supervision required was simple, direct, and concrete. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ

determined Plaintiff was able to perform his PRW of assembly line worker. *Id.* In the alternative, the ALJ also found Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. *Id.* The ALJ based this finding upon the testimony of the VE. *Id.* Specifically, the VE testified that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as a nut and bolt assembly worker with 450 such jobs in the region and 13,000 in the national economy, bench assembly worker with 200 such jobs in the region and 11,000 in the national economy, and work as a hand packer with 320 such jobs in the region and 32,000 in the national economy. *Id.* The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, at anytime through the date of his decision. (Tr. 18, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 114). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On August 15, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 22, 2011. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion</u>:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 12, Pg. 11-21. Specifically, Plaintiff claims the ALJ erred (1) in failing to fully develop the record, (2) by finding Plaintiff's past substance abuse was a severe impairment, (3) in determining Plaintiff's RFC, and (4) failed to give proper treatment to the opinions of Plaintiff's treating physician. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13. Because this Court finds the ALJ erred in the RFC determination of Plaintiff, this Court will only address this issue.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).

In social security cases where a mental impairment is alleged, it is important for an ALJ to evaluate a claimant's Global Assessment of Functioning ("GAF") score in determining whether that claimant is disabled due to the claimed mental impairment. GAF scores range from 0 to 100. Am.

5

Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held that GAF scores (especially those at or below 40) must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)). A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms. Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

On February 16, 2009, Plaintiff was seen by Dr. Robert Hudson for a Mental Diagnostic Evaluation. (Tr. 312-315). Plaintiff was diagnosed with Depressive Disorder and given a GAF score of 55. (Tr. 314). On March 30, 2009 Plaintiff was seen by Dr. Christopher Winslow for a Psychiatric Evaluation. (Tr. 375-378). Dr. Winslow diagnosed Plaintiff with an anxiety disorder and depression. (Tr. 377). Plaintiff was a GAF score of 45. *Id.* Finally, on April 26, 2010, Plaintiff

was seen by Dr. Vann Smith for a Neuropsychological Evaluation. (Tr. 394-402). Plaintiff's GAF score was 40. (Tr. 398).

The ALJ's opinion made no reference to Plaintiff's GAF scores. It was the ALJ's responsibility to properly evaluate those GAF scores and make a finding regarding their reliability as a part of the underlying administrative proceeding. *See Conklin,* 360 F. App'x at 707. Indeed, it is especially important that the ALJ address low GAF scores where, as in this case, Plaintiff has been diagnosed with major depressive disorder, anxiety disorder, and depression. (Tr. 314, 352).

Thus, considering these facts, because the ALJ did not properly evaluate Plaintiff's low GAF scores, this case must be reversed and remanded for further evaluation of these scores. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis of Plaintiff's GAF scores should be performed.[2]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **24th day of October 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.